United States District Court

Eastern District of California

United States of America,

    Respondent,

vs.

Hector A. Escoto-Jaurigui,

    Movant.

No. Cr. S 99-0499 FCD PAN

Findings and Recommendations

-oOo-

Pursuant to 28 U.S.C. § 2255, movant, proceeding without counsel, challenges the length of the prison sentence imposed upon his conviction of violating 18 U.S.C. § 1326(a) pursuant to a plea agreement.  Respondent opposes.

November 19, 1999, a grand jury indicted movant of illegally entering the United States and of being a deported alien found in the United States without obtaining permission from the United States Attorney General in violation of 8 U.S.C. §§ 1325(a)(1), 1326(a).  February 9, 2000, movant, represented by counsel,

entered a plea of not guilty.

A pre-plea sentence report showed that in 1990 movant was convicted of possession of a dangerous weapon in the San Diego County Municipal Court, in 1991 he was convicted of battery in the Riverside County Municipal Court and in 1997 he was convicted of assault with a firearm inflicting great bodily injury in the San Diego County Superior Court.  March 16, 1999, the Immigration and Naturalization Service (INS) deported movant, who re-entered April 26, 1999, and was found in this country September 10, 1999. Movant discussed the report with counsel.

An April 3, 2000, written plea agreement provided movant would plead guilty to count two, violating 18 U.S.C. § 1326(a), the penalties for which included a maximum 20-year sentence, a $250,000 fine, a $100 penalty assessment and three year term of supervised release.  Movant agreed to sentencing pursuant to the guidelines and the government agreed to recommend a sentence of no more than 30 months' imprisonment and three years' supervised release conditioned on movant's removal from the country.

The district judge questioned movant and determined movant understood the charge, understood the plea agreement and understood what the government would prove at trial.  Movant admitted he was an alien, he was deported March 16, 1999, and he was found in Folsom State Prison December 10, 1999, without having obtained the Attorney General's permission to re-enter the United States.  Movant acknowledged he understood he could be sentenced to a maximum of 20 years in prison and agreed to be

1  sentenced pursuant to the guidelines.  Upon finding movant
2  understood his rights and the consequences of a guilty plea, the
3  district judge accepted the plea, found movant guilty of
4  violating 18 U.S.C. § 1326(a) and sentenced movant below the
5  guideline range of 57 to 71 months to 20 months in prison
6  followed by supervised release and ordered movant's surrender to
7  the INS for deportation upon completing the prison term.
8       This court may grant relief upon a finding the sentence was
9  imposed in violation of the Constitution or laws of the United
10 States, the court was without jurisdiction to impose the sentence
11 or that the sentence was in excess of the amount authorized by
12 law.  28 U.S.C. § 2255.
13      Movant asserts he was sentenced to 30 months' imprisonment
14 and claims it exceeds the two-year statutory maximum under 8
15 U.S.C. § 1326(a).
16      Pursuant to 8 U.S.C. § 1326(a) (2000), "subject to
17 subsection (b)," any alien previously deported who illegally
18 reentered the United States was guilty of a crime punishable by
19 no more than two years' imprisonment. Subsection (b)(2) provided
20 that notwithstanding subsection (a), any alien whose removal
21 followed conviction of an aggravated felony could be imprisoned
22 for up to 20 years.  Subsection (b)(2) does not create a distinct
23 crime; it merely increases the sentence for aliens convicted of
24 aggravated felonies before deportation.  <u>Almendarez-Torres v.</u>
25 <u>United States</u>, 523 U.S. 224, 235 (1998).  Since a prior felony
26 conviction is not an element of the offense it need not be

1  alleged in the indictment or proven beyond a reasonable doubt at
2  trial.  <u>Almendarez-Torrez</u>, 523 U.S. at 239, 247.  Nor must the
3  felony be proffered and admitted for a plea of guilty and
4  sentence thereon to be valid, and <u>Apprendi v. New Jersey</u>, 530
5  U.S. 466 (2000), does not alter this balance.  <u>United States v.</u>
6  <u>Pacheco -Zepeda</u>, 234 F.3d 411 (9th Cir. 2000).

7      The indictment charged petitioner with violating 8 U.S.C.
8  § 1326(a), the crime the government was prepared to prove and to
9  which movant pleaded guilty.  Movant reviewed the pre-plea
10 sentence report with counsel and did not at the time of entering
11 his plea, and does not now, challenge the existence of any prior
12 felony convictions.  He acknowledged understanding he could be
13 sentenced to 20 years' imprisonment.

14     Having carefully reviewed the pleadings and the record, I
15 find movant's 20-month sentence does not violate the Constitution
16 or laws of the United States and was not in excess of the maximum
17 authorized by law.

18     I therefore recommend the motion made pursuant to 28 U.S.C.
19 § 2255 be denied, that the civil case corresponding to this
20 motion, Civ. S 00-2142 FCD, be closed and that the clerk of the
21 court be directed to close that case.

22     Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
23 findings and recommendations are submitted to the United States
24 District Judge assigned to this case.  Within 20 days after being
25 served with these findings and recommendations, petitioner may
26 file written objections.  The document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."
2  The district judge may accept, reject, or modify these findings
3  and recommendations in whole or in part.
4      Dated:  August 30, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge